UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM DIGIANNI,

              Plaintiff,

      - against -                                    MEMORANDUM AND ORDER
                                                                  09-CV-3653 (RRM) (LB)
ORRICK, HERRINGTON & SUTCLIFFE, LLP;
IRA ROSENSTEIN; LIPMAN & PLESUR, LLP;
and ROBERT LIPMAN,

              Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      Plaintiff, proceeding *pro se*, files this complaint against the counsel who represent two of the four defendants in Plaintiff's pending employment discrimination action, *DiGianni v. Pearson*, 09-CV-1760 (RRM)(LB), alleging that Defendants' advocacy on behalf of their clients constitutes retaliation under Title VII. Plaintiff has paid the statutory filing fee to commence this action. Because there is no basis for his claim, Plaintiff's complaint is dismissed as frivolous.

      While *pro se* parties are held to less stringent pleading standards, a district court nevertheless has the authority to dismiss frivolous claims *sua sponte*. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

1

Plaintiff is a frequent litigant in this court and has filed multiple employment discrimination claims in the past five years.[1] The Court takes judicial notice of the fact that Plaintiff is currently litigating a claim of employment discrimination against Pearson Education, which is represented by Ira G. Rosenstein, a member of the Orrick, Herrington & Sutcliffe law firm (the "Orrick Defendants"), and American International Group, which is represented by Robert Lipman, a member of the Lipman & Plesur law firm (the "Lipman Defendants"). *See DiGianni v. Pearson*, 09-CV-1760 (RRM)(LB).

The crux of Plaintiff's complaint is that these attorneys have knowledge of Plaintiff's previous employment discrimination actions and are retaliating against him in his current action. Plaintiff alleges retaliation by the Lipman Defendants on March 6, 2009, when they "refused to comply with all of [Plaintiff's] Discovery Demands," and against the Orrick Defendants on May 23, 2009, "when they would not let me proceed to litigate my case against their defendants for employment discrimination in Federal Court because they say I'm a troublemaker who has filed Title VII cases for employment discrimination against their clients in the past." (Compl. (Docket No. 1) at 3.) Plaintiff further alleges that Defendant Rosenstein "wants me to be sanctioned by the Court and pay for his filing fees" and "refuse[s] to talk to me!" (*Id.*)

This Court finds that Plaintiff's complaint is completely devoid of merit. Despite Plaintiff's characterization of this action as one for retaliation under Title VII, such an action protects a litigant only from retaliation by an *employer*. *See Richardson v. Comm'n on Human Rights & Opportunities*, 53 F.3d 114, 120-21 (2d Cir. 2008) (describing the two types of

---

[1] *DiGianni v. National Evaluation Sys. Inc.*, 05-CV-4983 (ERK) (E.D.N.Y. dismissed July 16, 2007): *DiGianni v. Spitzer*, 05-CV-5408 (ERK) (E.D.N.Y. dismissed July 31, 2006); *DiGianni v. Bloomberg*, 06-CV-392 (ERK) (E.D.N.Y. dismissed December 12, 2007); *DiGianni v. N.Y. State Dep't of Educ.*, 08-CV-762 (RRM) (filed February 25, 2008, pending); *DiGianni v. N.Y. State Dep't of Educ.*, 08-CV-923 (RRM) (E.D.N.Y. consolidated into lead case 08-CV-762 March 28, 2008); *DiGianni v. Am. Int'l Group*, 08-CV-4355 (RRM) (filed October 27, 2008, pending); *DiGianni v. Pearson*, 09-CV-1760 (RRM) (filed April 29, 2009, pending).

retaliation by employers covered under Title VII). Title VII does not preclude an employer from defending an employment discrimination action, and it certainly does not preclude an attorney from representing a defendant in a Title VII case. Because the complaint lacks any arguable basis in law, it is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363. The Court has considered whether to allow Plaintiff to amend his complaint and declines to do so because amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed as frivolous. Furthermore, the Court warns Plaintiff that it will not tolerate frivolous litigation. If Plaintiff persists in filing frivolous and/or malicious actions, the Court may enter an order barring the acceptance of any future complaints for filing without first obtaining leave of the Court to do so. *See* 28 U.S.C. § 1651; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (holding that a "leave to file" requirement is an appropriate sanction for litigants who have a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints").

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 15, 2009

ROSLYNN R. MAUSKOPF
United States District Judge