UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM DIGIANNI,

            Plaintiff,

                                    **MEMORANDUM & ORDER**

    -against-                                    09-CV-3653 (RJD)


ORRICK, HERRINGTON & SUTCLIFFE, LLP, IRA
ROSENSTEIN; LIPMAN & PLESUR LLP;
ROBERT LIPMAN,

            Defendants.
----------------------------------------------------------------X
DEARIE, Chief Judge:

      Plaintiff, representing himself, paid the statutory fee to commence this action against the attorneys who represent two of the four defendants in plaintiff's pending employment discrimination action, DiGianni v. Pearson et al., 09-CV-1760 (RJD) (LB). His theory is that advocacy on behalf of a client sued under Title VII somehow constitutes retaliation under Title VII.

      By Order dated September 15, 2009, the Honorable Roslynn Mauskopf dismissed the action as frivolous and judgment was entered on September 17, 2009. By Order dated September 29, 2009, however, Judge Mauskopf recused herself from the action and vacated her order of September 15, 2009. On September 30, 2009, the action was assigned to me.

      Despite the latitude ordinarily afforded pro se litigants at the pleading stage, plaintiff is no ordinary pro se litigant, but a frequent filer with a substantial employment discrimination docket,

having filed no fewer than seven such suits in this Courthouse in the last five years.[1] This latest action compels the Court to exercise its inherent authority to dismiss frivolous claims sua sponte. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000).

A claim is "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court finds that plaintiff's complaint is so lacking, as it reflects a fundamental misapprehension of retaliation for Title VII purposes. The statute bars employers from taking adverse employment actions against employees who assert discrimination claims, see, e.g., Richardson v. Comm'n on Human Rights and Opportunities, 53 F.3d 114, 120-21 (2d Cir. 2008), but does not preclude them from defending those claims. That is simply litigation, not a retaliatory employment action. Plaintiff's complaint is therefore dismissed as frivolous. Fitzgerald, 221 F.3d at 363. Given the fundamental theoretical flaw in plaintiff's claim, affording him an opportunity to amend would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

If plaintiff persists in filing frivolous or malicious actions, the Court may enter an Order that would bar the Clerk from accepting any complaints from him unless he has first obtained permission from the Court to commence another lawsuit. See 28 U.S.C. § 1651; Lau v.Meddaugh, 229 F.3d 121, 13 (2d Cir. 2000); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir.

---

[1] Those suits include: DiGianni v. National Evaluation Systems Inc., 05-CV-4983 (ERK) (E.D.N.Y. dismissed July 16, 2007): DiGianni v. Spitzer et al., 05-CV-5408 (ERK) (E.D.N.Y. dismissed July 31, 2006); DiGianni v. Bloomberg et al., 06-CV-392 (ERK) (E.D.N.Y. dismissed December 12, 2007); DiGianni v. new York State Department of Education et al., 08-CV-762 (RJD) (filed February 25, 2008, pending); DiGianni v. New York State Department of Education et al., 08-CV-923 (RJD) (E.D.N.Y. consolidated into lead case 08-CV-762 March 28, 2008); DiGianni v. American International Group, 08-CV-4355 (RJD) (filed October 27, 2008, pending); DiGianni v. Pearson et al., 09-CV-1760 (RJD) (filed April 29, 2009, pending).

1998); In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993).

For all of the foregoing reasons, the complaint is dismissed with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2009

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge